One single case for argument this afternoon. Mr. Wright, if you're prepared, please proceed. Good afternoon, your honors. Mr. Nelson, may it please the court, I represent Samson Diamante Xavior-Smith, the appellant in this matter. My name is Stephen Wright. We are here because Mr. Smith, after a jury trial, was found guilty of being a felon in possession. He was then sentenced by a judge to a sentence under the Armed Career Criminal Act, a sentence that would be illegal if the Armed Career Criminal Act did not apply to his case. Both the government and Mr. Smith argued that given recent developments in Supreme Court case law, the jury should have been required to find whether his prior offenses occurred on different occasions. They were not, and so that was error. And since then, both parties have been consistent about that being error. Under this court's unbunked precedent in United States v. Stohl, that error is required to be analyzed under a harmless error standard. Stohl was issued before the Supreme Court spoke to this matter in its decision in Erlinger, and there are a number of ways in which Stohl and Erlinger are in tension with each other. Stohl involved a situation where there were batteries that occurred on different days with different victims, separated by, I believe, three days. In Erlinger, there were burglaries separated by a short number of days that occurred at different locations, and so there were different victims of those burglaries. In Stohl, the unbanked panel decided that because they were on separate days, they involved separate victims, there were no other questions to ask, and under the harmless error standard, which asks whether it's clear beyond a reasonable doubt that no rational jury would have found against the government on the occasions element, they said harmless error applied. They didn't even get to the question of whether error occurred. In Stohl, the court said that we could look at unobjected to information in the pre-sentence report. Is that, in your view, does that survive Erlinger? I would argue that it does not. And why not? What about that ruling is in conflict with Erlinger? I think, as I understand Erlinger and the factual support for Erlinger, the factual record was similar. Well, not... Well, I think in Stohl we said you could look at the pre-sentence report, correct? Yes. Okay, so that's my very, I guess, focused question, which is does the unbanked court's statement in Stohl that we can rely on those unobjected to facts, assertions in the pre-sentence report, does that survive? In other words, is that how we look at it here as well? Can we look at the unobjected to portions of the pre-sentence report? I think if that were correct, then Erlinger would have been decided another way. If you look to Justice Kavanaugh's dissent in Erlinger, where he says this should be over and done with, this should be, we should rule against the defendant, we should rule against the appellant, the record is clear. Clear enough on the record that we have to determine this occasion's question, determine that the error was harmless, and so we should not rule that this should go back for further proceedings, we should just decide this right here. And that opinion was only carried by two judges. It was Justice Kavanaugh writing that dissent, Justice Alito joining that dissent, Justice Jackson joined part of that dissent, but not that part. And so this is more of the tension that Erlinger has with Stohl, in that Erlinger is not even clear that the harmless error standard is the appropriate standard to use. There are only three judges who point out the harmless error standard. There's the Kavanaugh opinion that says harmless error should apply and we should decide this right now that the error was harmless. And then Chief Justice Roberts issued a concurring opinion saying harmless error should apply, but on remand, after more of a record has been established. And when Erlinger went back to the Seventh Circuit, the Seventh Circuit remanded to the district court for more findings. In Erlinger, was it similar to this case where there was unobjected to conclusions in a PSR? I believe in Erlinger they were the factual summations of what was happening, came from the Shepard documents, came from, I frankly don't remember specifically whether they came from the unobjected parts of the PSR or whether that was addressed. Could that be an interesting feature of this case that would distinguish it? Because how likely is it, when you have the record that there is in this case, where you have not just a matter of days, but you have a matter of months between each offense, and you have different victims and different crimes, how likely is it that the occasions question would be different if submitted to a jury? In my reply brief, I did cite to a case out of Georgia where there were drug offenses occurring in three different counties across a widespread of time, where a jury, an actual jury, did find that those were considered the same occasion, and so they did rule in favor of the defendant in that case. I would also, the government has submitted a 28-J letter citing to the Sixth Circuit's case of United States v. Campbell. I would like to submit another 28-J letter referring to a Sixth Circuit case, United States v. Cogdill, C-O-G-D-I-L-L, which was issued on March 3rd, case number 22-5603. In that case, there were two judges who found, based on a three-month separation between prior offenses, it should be remanded to the district court, because there wasn't anything beyond the fact of the offense and the three-month separation. The question of what establishes harmless error is an important one, because when we're looking at the PSR in this case, and we're looking at the PSR in many cases, I can speak to this one in particular. The PSR, when it is discussing the facts of a prior offense, is looking to the criminal complaint, and it is specifically saying that this is what happened according to the criminal complaint. We have no further information about the offense beyond what was written by a police officer at the time that Mr. Smith was charged with those offenses. As I point out in my reply brief, he was charged under several different names. Even in this case before the court, he is identified as Mr. Xavier Smith when that is not, in fact, his name. Certain things the Supreme Court has said, the non-elemental facts of Shepard documents, are not reliable, because there's no reason to challenge them. The PSR in this case was simply a summation of Shepard documents. It was up to the government to bring in reliable information in order to establish the facts of the case so that the intensive fact-based inquiry required by Wooden could be conducted. Wouldn't there also have been some obligation on the part of the defense to object to inaccuracy and incorrect statements? There may have been, but given that this is the government's burden to prove, the government was conceding error at sentencing. Conceding error and asking the judge to impose a 10-year sentence without the Armed Career Criminals Act enhancement, while also pointing out that there were facts that could support under the prior precedents saying that the judge could make those findings herself. But that obligation was the government's. It was not Mr. Smith's. To make sure that the factual record was there to support the enhanced sentence. I'll reserve my time for rebuttal. Thank you. Thank you, Mr. Wright. Mr. Nelson. Thank you, your honors, counsel. Nathan Nelson for the United States. I'd like to start by addressing Judge Kelly's question about whether reliance on unobjected to information in the PSR survives Erlinger. Because it does. I'd point the court to there's a case Greer v. United States that's 593 U.S. 503. That was in a rehaif error context. And there the Supreme Court said that courts can rely on the entire record in assessing whether there's plain error in the rehaif context. And that includes, in the court's words, including information contained in a pre-sentence report. So I'll grant you that a case like Greer is a plain error context and we're in a harmless error context here. However, I don't think that distinction is material given that Rule 52 for both plain error and harmless error looks at were the defendant's substantial rights affected. Also in the Campbell case cited in our 28J letter, the Sixth Circuit did look at pre-sentence report information in assessing Erlinger harmlessness. And obviously this court did so in Stowell. If a case like this went to trial tomorrow and you had the burden of proving this separate occasions matter, whether it's a full trial, bifurcated trial, what evidence in a case like this do you think would be admissible that you would be able to offer to the jury on this separate occasions question? I think, Your Honor, that all the information that the government submitted as exhibits, which included the certified records, the complaints, plea petitions, register of actions, would all be admissible. With the complaint, there's a lot of hearsay in there. I mean, even the court in the Shepard documents looking, sort of taking the peak in the categorical approach, is limited in what it can look at there. It seems to me unusual that the jury would be able to see even more and consider even more. I agree that a complaint wouldn't be admissible in a context in which the defendant had not pleaded guilty to that offense. But, as we pointed out in our brief, in Minnesota, the law is that a defendant judicially admits the allegations in the complaint by pleading guilty. So this would be state-by-state conviction? I mean, I guess I'm trying to push you a little bit on sort of how you had said in your brief, we really don't even get to this issue of what's admissible, what's not, because you think there's some basic core admissible evidence. And I really, I have to say, I'm struggling to know how that, look, we've never done anything like this, and we normally don't give those kinds of documents to a jury. Especially when we're talking about sort of, you know, some of it is, where did this happen? That's not an element of defense, but it might be in the complaint. But that's, I guarantee, almost every defendant's going to object, right? So, I'm honestly puzzled. If I were prosecuting this before district court, I would attempt to rely on the complaint, and I would cite to Rule 801D2B, which are statements of a party opponent. And D2B says that included in statements of a party opponent are statements that the party has manifested that it adopted or believed to be true. And under Minnesota law, when, in Minnesota, when a defendant pleads guilty to a complaint, he judicially admits the allegations contained in that complaint. And so I would say... Beyond the elements of the offense. I think even beyond the elements of the offense. And is that the case in another, what about Wisconsin or North Dakota? I get, it sort of seems like a, quite a, would that be an unmanageable sort of standard, I suppose, that you'd have to put up that kind of evidence for each document and each prior conviction? And I would make candidly, Your Honor, I don't know what the state of the law is in Wisconsin or Iowa. I'm not expecting you to. What I'm just trying to push at here is what actually would be permissible to present to a jury if, in fact, a court were ever to say you just can't rely on just the pre-sentence report. And of course, Your Honor, the dates of the offense in this case are not only contained in the complaint. They're recited in the plea petition, which is a direct admission of the defendant. They're recited in the Register of Actions. The Register of Actions also contains dates of court appearances and helps establish that there were intervening court appearances. So do you think it would be enough to say these particular offenses are on different dates? I think your colleague here has cited a case where the court has said dates alone aren't enough. What's your view on that? I think certainly the Supreme Court has said that there's no amount of time that automatically, in every single case, might differentiate different occasions. But the court has also said that in many cases, a single factor, usually of time or place, can decisively differentiate different occasions. So in Wooden, the court said that courts have nearly always treated offenses as occurring on separate occasions if committed a day or more apart. So yes, here I do think date and place are essentially controlling. I do think this case is a straightforward application of the Stoll opinion. And I would note that I think here the facts are stronger than Stoll in many, many respects. With respect to the time, we have offenses occurring three and five months apart, as opposed to Stoll where the court was addressing just three days. There were intervening events here, a court appearance after each violent felony before a commission of the next violent felony, which again is stronger than Stoll where the defendant was arrested for and later convicted of two violent felonies on the same day. We have two different counties at least involved here, and the two offenses that were in Ramsey County, also according to the complaint, I'll grant you, Your Honor, were seven miles apart. That's stronger than in Stoll where all three violent predicate offenses were all committed in the same county. They were not similar or intertwined in any way that appears in the record. You have different victims for all three cases, and then different crimes as well. You have assault, robbery, domestic assault, and that's unlike Stoll where he dealt with two battery offenses together. And there's really no indication of any connection whatsoever between these offenses. And then importantly, I think here also is the defendant does not substantively contest separate occasions. Before the district court and here on appeal, he's not saying these documents and the PSR are wrong, that they're inaccurate. And that's something that this court can and should consider. For example, in the Nieder case, Supreme Court harmlessness case, one of the factors the court looked to when assessing, in that case, materiality of false statements on a tax return, they said the defendant here does not argue before the district court and didn't argue here that the government couldn't meet the materiality standard. So the Supreme Court certainly has also looked at, are these facts actually in dispute in assessing whether an error is harmless? But there is still the question, and maybe Stoll has resolved, but there's the question of whether those facts can be presented to the jury in a way that the rules of evidence permit them to be presented. So there is a little bit of a carve out here. I'm not sure Nieder, I can't say, but I'm guessing that wasn't an issue. I take your point, your honor. I think here, the government's view is that in assessing harmlessness, this court looks to the entire record. And that would include the pre-sentence report, and it would include the documents we've submitted. I'll note that's another distinction between here and Stoll. In Stoll, this court was looking, as far as I can tell from reading the materials, was looking just at the pre-sentence report, unobjected to portions in the pre-sentence report. Here, the government provided corroborating evidence in the form of certified copies of the complaint, certified copies of the plea petitions, certified copies of the register of actions which match the information contained in the pre-sentence report. So I do think this case is stronger than Stoll on that ground as well. So looking at all those factors together and applying the Stoll analysis here, I think no reasonable jury could find that these offenses were committed on the same occasion, given the strength of the evidence here. Unless the court has any other questions, I'll yield the remainder of my time. I don't see any. Thank you, Mr. Nelson. Counsel, we used up your time, but we'll give you a couple minutes to reply. We'd like to get this right. Just briefly, Your Honor. I would like to address this question of what the documents were in the record, and whether those would be sufficient to establish this. We have charging documents and we have the record of his conviction, but we do not have his actual statements in court or any real admissions about the facts of the case. Even when these plea petitions refer to the date, they are not saying on this date this happened. They are saying on or about this date this happened. This is why the Supreme Court has said again and again we should not use Shepard Record documents to try to establish non-elemental facts. Especially when we're dealing with a situation where an offense with a maximum of 10 becomes an offense with a minimum of 15. The government has the burden to show that the record has convincing evidence that beyond a reasonable doubt, this error was harmless. The government cannot show that. We respectfully ask that Mr. Smith's ACCA sentence be reversed. Thank you. Thank you, Mr. Wright. The court notes you representing Mr. Smith under the Criminal Justice Act, and we thank you for your willingness to serve in that capacity. Madam Clerk, I believe that concludes our scheduled argument for this afternoon. Yes, it does, Your Honor. That being the case, the court will be in recess until tomorrow morning. Thank you.